UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:19-CR-00144-DCLC-CRW |
| v. | ) ) ) | |
| TAWAUNA BOUTWELL, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 161].

**I.     BACKGROUND**

On December 3, 2019, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine [*See* Docs. 38, 42]. Based on a total offense level of 31 and a criminal history category of III, Defendant's guideline range was 135 to 168 months [Doc. 108, ¶ 71]. The Court departed below the guideline range and sentenced Defendant to 108 months [Doc. 114, pg. 2]. Defendant is currently housed at FMC Lexington, and her projected release date is April 26, 2026. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 4, 2024). She now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 161].

**II.    ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C.

1

§ 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or fewer criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant is not a zero-point offender. At the time of sentencing, she received six criminal history points, none of which were status points. Accordingly, she is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 161] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge